IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 SEP 10 PM 12:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

GERALD L. VINES,       )
                       )
        Plaintiff,     )
                       )
   v.                  )   CIVIL ACTION NO. 92-G-0055-S
                       )
TRAVELERS INSURANCE COMPANIES; )
DALE BIRDSONG,         )
                       )
        Defendants.    )

ENTERED
SEP 10 1997

MEMORANDUM OPINION

Plaintiff has asked the court to reinstate the above-styled action against Travelers Insurances Companies [hereinafter Travelers] and Dale Birdsong on the basis that the case was dismissed due to alleged fraud perpetrated by Carol Ann Smith, counsel of record for Travelers who "fraudulently and through deception obtained affidavits which were filed in the prior action, and which were subsequently given great weight by Judge Guin in his memorandum opinion supporting dismissal of Plaintiff's prior action against Defendant Traveler's [sic]."[1] Plaintiff has based his motion for reinstatement on Fed. R. Civ. P. 60(b)(6), rather than the appropriate reason stated under Fed.

---

[1] Plaintiff is incorrect in this assertion. The affidavits were not given "great weight." The part of the court's memorandum opinion dealing with the affidavits was more or less an aside. That part of the opinion could be deleted and the opinion would stand.



R. Civ. P. 60(b)(3). Pertinent portions of Fed. R. Civ. P. 60(b) follow:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On the motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) or any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

On the basis of Rule 60 the plaintiff's motion is due to be denied. Mr. Vines has alleged fraud. Fed. R. Civ. P. 60(b)(3) clearly designates that a motion for relief from judgment based on fraud must be brought within one year from the time of judgment. A motion brought under Fed. R. Civ. P. 60(b)(6) must be brought within a **reasonable** time, not five years later. Final judgment was entered July 2, 1992. Plaintiff cannot wait five years to file a motion for relief from judgment.

In entering final judgment the court did not rely on the affidavit of Ms. Hollifield or give it "great weight". The order was entered for the following reasons, specifically set forth in its memorandum opinion of July 2, 1992:

1) Plaintiff failed to comply with the May 18, 1992, order warning him that his case would be dismissed

2

within ten days if he failed to comply with discovery;[2]

2) Plaintiff failed to respond to the court's order to present himself for deposition, to designate his expert witnesses, to respond to requests for production, and to comply with discovery request by May 28, 1992;

3) Plaintiff's voluminous 510 page response produced in response to request for production was unresponsive and an obstruction to rather than an aid to discovery;

4) The manner in which plaintiff "answered" interrogatories indicated his unwillingness to litigate in good faith;[3]

5) Plaintiff answered 26 interrogatories in a page and one-half after having been warned by the court that he was to cooperate with the defendant in the discovery procedure;[4]

6) Much of the information provided by the plaintiff in his 510 page response is self-serving;

7) "Although plaintiff was ordered to present himself for deposition and comply with discovery requests by May 28, 1992, he did not produce copies of his requested tax returns until June 5, 1992, eight

---

[2] "The order was entered following a history of plaintiff's bad faith behavior: refusing to abide by the orders of the court and hindering the defendant's efforts toward trial preparation by refusing to comply with discovery requests." July 2, 1992, Memorandum Opinion, at 1.

[3] The answers were "evasive, argumentative, incomplete, and wholly inadequate." July 2, 1992, Memorandum Opinion, at 2. Fed. R. Civ. P. 37(a)(3) provides that "an evasive or incomplete answer is to be treated as a failure to answer." 8 Charles A. Wright & Arthur R. Miller, Federal Practice and procedure § 2177 (1970). July 2, 1992, Memorandum Opinion, at 2.

[4] "This flagrant disregard of the court's order is itself sufficient to warrant dismissal." Memorandum Opinion at 3.

       days after the production deadline and the day after the court dismissed the case;"[5]

8) In spite of being warned that dismissal was imminent for failure to comply with the court's order, plaintiff chose not to produce the returns until the court did, indeed, dismiss the case;[6]

9) Mr. Vines' repeated failure to submit himself for deposition is a further indication of bad faith:[7] and

10) Plaintiff's "failure to appear for a deposition that had been noticed five times and finally compelled by subpoena shows a flagrant disregard for the rules and procedures of this court."[8]

---

[5] July 2, 1992, Memorandum Opinion, at 4. "These tax returns were the subject of repeated written requests. They were originally requested in December 1991. They were again requested in various deposition notices, including a subpoena for the deposition of Gerald Vines which was served for a deposition scheduled for April 27, 1992. An oral request to produce the returns was made at plaintiff's deposition on May 26, 1992." July 2, 1992, Memorandum Opinion, at 4, n.4. Mr. Vines's claim that he didn't produce the returns "because he had signed IRS forms enabling Ms. Smith to obtain copies of his returns," Id., is insufficient reason for his failure to produce the returns--another example of his willful obstruction of discovery, a further indication of his unwillingness to litigate in good faith.

[6] July 2, 1992, Memorandum Opinion at 4, n.6. "Although Mr. Vines did produce the federal returns for 1988, 1989, and 1990 on June 5, 1992, his cover letter complained they were being produced despite the fact that there was no 'agreement' to produce them." Id. His position that he was relieved from the obligation of producing the returns "because the defendant would have access to them eventually through copies provided by the IRS is immaterial." Id.

[7] July 2, 1992, Memorandum Opinion, at 5. Mr. Vines failed to produce himself for deposition after Ms. Smith had postponed the taking of the Vines deposition until after April 15, 1992, to accommodate his work schedule. July 2, 1992, Memorandum Opinion, at 5.

[8] July 2, 1992, Memorandum Opinion, at 6.

4

In its July 2, 1992, memorandum opinion, at 8, the court concluded with the following paragraph:

> Mr. Vines' willful, contumacious conduct led to the dismissal of his case. Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1159 (5th Cir. 1985) (Admission with prejudice will be affirmed "upon a showing of a 'clear record of delay or contumacious conduct by the plaintiff' ..."). His refusal to cooperate with discovery makes him personally responsible for the prejudice to his adversary's case. See Poulis v. State Farm, 747 F.2d 863 (3rd Cir. 1984) (The extent of the party's personal responsibility and the prejudice to the adversary are factors to be considered by the trial court in dismissing the action). His repeated flouting of the authority of the court and his failure to heed the warning that his misconduct could result in dismissal merits the sanction of dismissal.

Plaintiff has produced nothing to justify the filing of his motion to reinstate the case. Indeed, the court agrees with attorneys for Travelers in their August 25, 1997, response to plaintiff's motion for relief from judgment when they said "the filing of this groundless and irresponsible motion is further evidence of plaintiff's utter disregard for the rules and orders of this Court."

Plaintiff's motion is denied. An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 10th day of September 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.